IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LANCE ROBERTS, KEITH BARNES,**                                         **PLAINTIFFS**
**YASMINE JOHNSON and KAYLA TURNER**

vs.                                                No. 5:21-cv-953

**WHATABURGER RESTAURANTS, LLC**                                     **DEFENDANT**

**ORIGINAL COMPLAINT**

COME NOW Plaintiffs Lance Roberts, Keith Barnes, Yasmine Johnson and Kayla Turner ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint ("Complaint") against Defendant Whataburger Restaurants, LLC ("Defendant"), they state and allege as follows:

## I.    PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary and liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA.

## II.    JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant is headquartered within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.  THE PARTIES

5. Plaintiff Lance Roberts ("Roberts") is an individual and resident of Victoria County.

6. Plaintiff Keith Barnes ("Barnes") is an individual and resident of Victoria County.

7. Plaintiff Yasmine Johnson ("Johnson") is an individual and resident of Victoria County.

8. Plaintiff Kayla Turner ("Turner") is an individual and resident of Victoria County.

9. Defendant is a domestic limited liability company.

10. Defendant's registered agent for service of process is Corporation Service Company, d/b/a CSC—Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

11. Defendant, in the course of its business, maintains a website at www.whataburger.com.

### IV.  FACTUAL ALLEGATIONS

12. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Defendants own and operate fast food restaurants throughout the country.

14. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as vehicles, fuel and goods and material typically used in the fast food industry.

15. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

16. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

17. Defendant employed Plaintiffs within the three years preceding the filing of this Complaint.

18. Defendant employed Roberts as an hourly Team Member from March of 2017 until October of 2019, then as an hourly Team Leader from October of 2019 until May of 2020, and then as an hourly Manager from May of 2020 to June of 2021.

19. Defendant employed Barnes as an hourly Team Leader from December of 2015 until March of 2021.

20. Defendant employed Johnson as an hourly Team Member from April of 2019 until August of 2021.

21. Defendant employed Turner as an hourly Team Member from October of 2019 until August of 2021.

22. At all relevant times herein, Defendant directly hired Plaintiffs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. Plaintiffs regularly worked hours for which they were not paid.

24. For example, Defendant held team meetings for Team Leaders and Managers which Roberts and Barnes were required to attend. Roberts and Barnes were not allowed to clock in for these meetings, and if they were already clocked in they were required to clock out.

25. Additionally, Defendant required Plaintiffs to clock out at the end of their regular shifts but sometimes required them to stay after their regular shift to clean, do dishes, and other similar "cut work."

26. Additionally, if Plaintiffs were working the night shift, Defendant sometimes required them to clock out mid-way through the shift in order to keep labor hours down for the day.

27. Additionally, Defendant sometimes required Plaintiffs to come to work for an unscheduled shift for which they did not allow Plaintiffs to clock in.

28. Roberts was required to perform additional work off the clock such as completing "training modules," delivering supplies to other stores, taking the deposit to the bank and printing documents at UPS.

29. At all relevant times herein, Defendant has deprived Plaintiffs of regular wages and overtime compensation for all hours worked.

30. Upon information and belief, in some weeks Plaintiffs worked so many hours off the clock that their constructive hourly rate fell below the minimum wage.

31. Roberts was required to spend his own money on paying for printing jobs for Defendant's benefits, and in these instances Roberts "kicked back" an amount sufficient to cause additional overtime violations pursuant to 29 U.S.C. § 531.35

32. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.  CLAIMS FOR RELIEF—VIOLATION OF THE FLSA

33. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

34. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

35. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

36. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

37. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

38. Defendant failed to pay Plaintiffs for all hours worked.

39. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

40. Defendant knew or should have known that its actions violated the FLSA.

41. Defendant's conduct and practices, as described above, were willful.

42. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary and liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

43. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Lance Roberts, Keith Barnes, Yasmine Johnson and Kayla Turner respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiffs for all unpaid wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA and its related regulations;

D.  An order directing Defendant to pay Plaintiffs interest, a reasonable attorney's fee and all costs connected with this action; and

E.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFFS LANCE ROBERTS, KEITH BARNES, YASMINE JOHNSON and KAYLA TURNER**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com